UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MADU UCHECHUKWU,
Petitioner,
v.
JEREMY CASEY, Warden; et al.,
Respondents.

Case No.: 26-cv-1978-RSH-MSB

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**

[ECF No. 10]

On March 27, 2026, petitioner Madu Uchechukwu filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner contended that his immigration detention without a bond hearing had become unduly prolonged in violation of the due process clause. *Id.* at 4.

On April 3, 2026, the Court entered an order directing that Petitioner receive a bond hearing within 7 days. ECF No. 7 at 2. On April 10, 2026, Petitioner received a bond hearing, at which the immigration judge denied bond on the ground that Petitioner was a flight risk and a danger to the community. *See* ECF No. 12-1.

On October 12, 2026, Petitioner filed the present motion to enforce judgment. ECF No. 10. Petitioner argues that his bond hearing did not comport with the Court's order because "Petitioner was denied a meaningful opportunity to prepare" and "[t]he

Government did not meet its heightened burden." *Id.* at 9. Respondents opposed, arguing that the requirements of the Court's order were followed and that Petitioner failed to exhaust administrative remedies by appealing the adverse bond decision to the Board of Immigration Appeals ("BIA"). ECF No. 12 at 4-5.

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *See id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

Here, the Court is not persuaded that Respondents have failed to provide a prompt and individualized bond hearing as ordered by the Court, "at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." ECF No. 7 at 2. The government timely held a bond hearing as directed by this Court's order, and after hearing evidence and argument, the immigration judge denied bond and concluded that Petitioner is a flight risk and a danger to the community. *See* ECF No. 12-2. The hearing transcript reflects that the immigration judge purported to place the burden of proof on the government. *Id.* at 2.

To the extent Petitioner raises other claims of error, Petitioner is required to exhaust his administrative remedies through an appeal to the BIA before seeking habeas review of the immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160. Petitioner has not done so here, and the Court declines to waive the prudential requirement of exhaustion based on futility or other grounds.

///

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 10] is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Hon. Robert S. Huie
United States District Judge